UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELA HEBERT,

                Plaintiff,

v.                                  **DECISION AND ORDER**
                                         19-CV-967S

ALLEGIANT CAPITAL RECOVERY
SERVICES, LLC,

                Defendant.

1. On July 23, 2019, Plaintiff, Angela Hebert, filed her complaint in this action. (Docket No. 1.) Therein, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. Defendant, Allegiant Capital Recovery Services, LLC ("Allegiant"), failed to appear and defend in this action, which resulted in the Clerk of Court entering default on September 24, 2019. (Docket No. 5.) Before this Court is Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion is granted.

2. Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Fed. R. Civ. P. 8(b)(6).

3. As set forth in the complaint, the facts are straightforward: Defendant, in an attempt to collect an alleged consumer debt, at some point represented to Plaintiff that she had committed a crime and fraud. (Complaint, ¶ 7-8.) Defendant also required Plaintiff to authorize payments from her checking account over the telephone. (Id., ¶ 9.) Despite having no written authorization to do so, Defendant then debited Plaintiff's bank accounts multiple times. (Id., ¶ 23-24.)

4. In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. Fed. R. Civ. P. 55(b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5. Fifteen U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection

of any debt." Here, Plaintiff alleges that Defendant, in attempting to collect a debt, falsely stated that she had committed a crime. (Complaint, ¶¶ 7, 15.) This Court finds that she has alleged facts sufficient to state a claim under the FDCPA.

6. Section 1693e of the EFTA provides that: "[i]n the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer." 15 U.S.C. § 1693e(b). The statute's implementing regulation, known as "Regulation E," states: "Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer." 12 C.F.R. § 205.10(b); see also Puglisi v. Debt Recovery Sols., LLC, No. 08-CV-5024 JFBWDW, 2010 WL 376628, at *6 (E.D.N.Y. Jan. 26, 2010). The EFTA can apply to persons and institutions other than financial institutions, including debt collectors. Puglisi, 2010 WL 376628, at *6.

7. Here, Plaintiff alleges that Defendant requested oral authorization for withdrawals from her checking account, and then made multiple withdrawals, without receiving written authorization or providing her with a copy of written authorizations. (Complaint, ¶¶ 9-10, 23-24.) This Court finds that Plaintiff has sufficiently alleged a violation of the EFTA.

8. Section 1692k(a)(2)(A) of the FDCPA authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory

3

damages, not to exceed $1,000, falls within the court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).

9. The EFTA also authorizes statutory damages, and requires a court determining the amount of liability to "consider, among other relevant factors ... the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional." 15 U.S.C. § 1693m(b)(1); Archbold v. Tristate ATM, Inc., No. 11 CV 5796 SJ LB, 2012 WL 3887167, at *6 (E.D.N.Y. Sept. 7, 2012). Plaintiff requests actual and statutory damages in her complaint, (Docket No. 1), but does not request statutory damages arising under the EFTA in her motion for default judgment. (Docket No. 6.)

10. Here, Defendant is deemed to have admitted to violating the FDCPA by falsely stating that Plaintiff had committed a crime. Plaintiff's counsel requests the statutory maximum of $1,000. (Docket No. 6 at p. 1.) However, awards of the $1,000 statutory maximum are typically granted only in cases where a defendant's violations are "particularly egregious or intimidating." Warman v. Law Office of Daniel M. Slane, No. 14-CV-700(LJV), 2017 WL 971196, at *3 (W.D.N.Y. Mar. 13, 2017) (quoting Cordero v. Collection Co., No. 10 CV 5960(SJ)(VVP), 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)).

11. While this Court recognizes the invasiveness of Defendant's behavior,

4

Plaintiff does not provide details of such behavior, such as the number of calls she received, the harassing nature of those calls. Nor, this Court notes, does she allege the total amount Defendant withdrew from her checking account without written authorization. Therefore, this Court is unable to assess whether Defendant's behavior was sufficiently egregious to warrant a full $1,000 in statutory damages. Under these circumstances, this Court finds that the violations against Hebert entitle her to a total of $250 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). See Flores v. Cred X Debt Recovery, LLC, No. 15-CV-315, 2019 WL 4887571, at *3 (W.D.N.Y. Oct. 3, 2019) ("In light of the circumstances—three non-threatening voicemails—$250 is an appropriate amount of damages"); Twarozek v. Midpoint Resolution Group, LLC, No. 09-CV-731S, 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations); Estay v. Moren & Woods, LLC, No. 09–CV–620A, 2009 WL 5171881, at *2 (W.D.N.Y. Dec. 22, 2009) (awarding the plaintiff $250 where the defendant made harassing calls on more than one occasion, made empty threats of litigation, and improperly disclosed information about the plaintiff's debt to a third party); cf. Hance v. Premier Recovery Group, Inc., No. 12–CV–028S, 2013 WL 85068, at *2 (W.D.N.Y. January 7, 2013) (awarding $500 where the defendant called the plaintiff's home more than 20 times per month); Annis v. E. Asset Mgmt., LLC, No. 08–CV–458S, 2010 WL 1035273, at *5 (W.D.N.Y. Mar.18, 2010) (awarding $1,000 in statutory damages where defendant's violations of the FDCPA included four months of calling plaintiff almost daily, threatening litigation, and targeting both the plaintiff and her

family).

12. The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k(a)(3) (party prevailing in FDCPA action entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. Simmons v. New York City Transit Auth., 575 F.3d 170, 174–75 (2d Cir.2009). Thus, this court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

13. Plaintiff's attorney Kevin Buckley does not indicate his level of experience or expertise in FDCPA cases. He does assert that he has been licensed to practice in New York since 2009 and that he is licensed to practice in multiple federal district courts, the Second Circuit Court of Appeals, and the United States Supreme Court. (Docket No. 6-2.) His requested hourly rate is $275. Given recent case law in this district, the Court finds Buckley's requested hourly rate of $275 to be reasonable. See Miller v. Hartfield Portfolio Grp., LLC, No. 14-CV-1060, 2019 WL 4929832, at *4 (W.D.N.Y. Oct. 7, 2019) (awarding $300 hourly rate to an experienced FDCPA attorney); Eades v. Kennedy, PC.

Law Offices, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (awarding hourly rate of $300 for experienced FDCPA attorneys); Langhorne v. Takhar Grp. Collection Servs., Ltd., No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (awarding hourly rate of $300 for an experienced FDCPA attorney); Ortez v. First Asset Recovery Group, LLC, No. 13–CV–671–JTC, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (awarding fees at hourly rate of $250 for experienced attorneys).

14. This Court also finds the 7.4 hours of attorney time billed in this case to be reasonable. Engler v. Atl. Res. Mgmt., LLC, No. 10-CV-968S, 2012 WL 464728, at *5 (W.D.N.Y. Feb. 13, 2012) (finding 10.4 hours of attorney-time, and .9 hours secretarial/paralegal work, billed for case reasonable).

15. Using the $275 hourly rate for Buckley, this Court awards attorneys' fees to Hebert in the amount of $2,035. Because Buckley has stated that his costs are "included" within the $2,035 he requests, this Court will not make a separate award of costs. (See Docket No. 6-2.)

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff is awarded $250 in damages against Defendant.

FURTHER, that Plaintiff is awarded $2,035 in attorney's fees.

FURTHER, that the Clerk of Court is directed to enter a total judgment against Defendant in the amount of $ 2,285 consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: December 20, 2019
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge